Chris Scott Graham (SBN 114498)
chris.scott.graham@dechert.com
Justin Boyce (State Bar No. 181488)
justin.boyce@dechert.com
Philip Barilovits (State Bar No. 199944)
philip.barilovits@dechert.com
**DECHERT LLP**
2440 W. El Camino Real. Suite 700
Mountain View, California 94040
Telephone: (650) 813-4800
Facsimile:  (650) 813-4848

Attorneys for Defendant,
MONSTER WORLDWIDE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PITCHWARE, INC.,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MONSTER WORLDWIDE, INC., CAREERBUILDER, LLC; GANNETT CO., INC.; THE McCLATCHY COMPANY; MICROSOFT CORPORATION; AND CAREER MARKETPLACE, INC.,<br><br>                    Defendants. | Case No. C-08-01848 RS<br><br>**MONSTER WORLDWIDE, INC.'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   April 7, 2008 |

For its response to the Complaint of Pitchware, Inc. ("Pitchware"), Monster Worldwide, Inc. ("Monster"), by and through its undersigned counsel of record, avers and alleges as follows:

## ANSWER

## PARTIES

1.      Upon information and belief, Monster denies the allegations in paragraph 1. According to the California Secretary of State Business Portal website (http://kepler.sos.ca.gov/corpdata/ShowList), as of April 11, 2008, there is no record for a corporation under the name "Pitchware" or "Pitchware, Inc."

2.      Monster admits the allegations in paragraph 2.

3.      Monster lacks knowledge or information sufficient to admit the allegations in paragraph 3 and, based thereon, denies the allegations in paragraph 3.

4.      Monster lacks knowledge or information sufficient to admit the allegations in paragraph 4 and, based thereon, denies the allegations in paragraph 4.

5.      Monster lacks knowledge or information sufficient to admit the allegations in paragraph 5 and, based thereon, denies the allegations in paragraph 5.

6.      Monster lacks knowledge or information sufficient to admit the allegations in paragraph 6 and, based thereon, denies the allegations in paragraph 6.

7.      Monster lacks knowledge or information sufficient to admit the allegations in paragraph 7 and, based thereon, denies the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Monster denies that Pitchware has any claims or that Monster has engaged in any of the acts of patent infringement as alleged, but otherwise admits the allegations in paragraph 8 as to Monster.

9.      Monster denies that Pitchware has any claims or that Monster has engaged in any of the acts of patent infringement as alleged, but otherwise admits the allegations in paragraph 9 as to Monster.

/ / /

/ / /

**INTRADISTRICT ASSIGNMENT**

10. Monster denies on information and belief that Pitchware has at any time relevant to this action its principal place of business in Santa Clara County, or that Monster has engaged in any of the acts of patent infringement as alleged, but otherwise admits the allegations in paragraph 10.

**INFRINGEMENT OF U.S. PATENT NO. 7,043,454**

11. Monster admits that the USPTO issued United States Patent No. 7,043,454 (the "'454 patent") on or about May 9, 2006. Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 11 and, on this basis, denies the allegations.

12. Monster denies the allegations of paragraph 12 as to Monster. Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 12 and, on this basis, denies the allegations.

13. Monster denies the allegations of paragraph 13 as to Monster. Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 13 and, on this basis, denies the allegations.

14. Monster denies the allegations of paragraph 14 as to Monster. Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 14 and, on this basis, denies the allegations.

**PRAYER OF RELIEF**

15. Monster denies that Pitchware is entitled to the relief sought in paragraph 1 of the Prayer for Relief as to Monster. Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 1 of the Prayer for Relief and, on this basis, denies the allegations.

16. Monster denies that Pitchware is entitled to the relief sought in paragraph 2 of the Prayer for Relief as to Monster. Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 2 of the Prayer for Relief and, on this basis, denies the allegations.

///

1    17.    Monster denies that Pitchware is entitled to the relief sought in paragraph 3 of the Prayer for Relief as to Monster.  Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 3 of the Prayer for Relief and, on this basis, denies the allegations.

18.    Monster denies that Pitchware is entitled to the relief sought in paragraph 4 of the Prayer for Relief as to Monster.  Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 4 of the Prayer for Relief and, on this basis, denies the allegations.

19.    Monster denies that Pitchware is entitled to the relief sought in paragraph 5 of the Prayer for Relief as to Monster.  Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 5 of the Prayer for Relief and, on this basis, denies the allegations.

20.    Monster denies that Pitchware is entitled to the relief sought in paragraph 6 of the Prayer for Relief as to Monster.  Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 6 of the Prayer for Relief and, on this basis, denies the allegations.

21.    Monster denies that Pitchware is entitled to the relief sought in paragraph 7 of the Prayer for Relief as to Monster.  Monster lacks knowledge or information sufficient to admit the remaining allegations of paragraph 7 of the Prayer for Relief and, on this basis, denies the allegations.

**FIRST AFFIRMATIVE DEFENSE**

22.    Monster does not infringe, contribute to or induce the infringement of, the '454 Patent.

**SECOND AFFIRMATIVE DEFENSE**

23.    One or more claims of the '454 Patent are invalid because they fail to satisfy the conditions for patentability of 35 U.S.C. §§ 102 and 103 because, without limitation, the alleged inventions are taught by, suggested by, and/or obvious in view of the prior art.

///

### THIRD AFFIRMATIVE DEFENSE

24. The '454 Patents is invalid because it fails to satisfy one or more of the requirements of 35 U.S.C. § 112, including without limitation: (a) the specification does not contain a written description of the invention and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; and (b) the specification does not set forth the best mode contemplated by the inventor of carrying out the invention.

### FOURTH AFFIRMATIVE DEFENSE

25. Pitchware's claims of infringement under the '454 Patents is barred by the doctrine of laches because Pitchware delayed filing suit for an unreasonable and inexcusable length of time from the time Pitchware knew or reasonably should have known of its claims against Monster, and the delay prejudiced or injured Monster.

### FIFTH AFFIRMATIVE DEFENSE

26. Pitchware's claims of infringement under the '454 Patents are barred by the doctrine of prosecution laches. Ptichware and the names inventor unreasonably delayed the prosecution of the '454 Patent. The `454 Patent, which issued on or about may 9, 2006, is a continuation of application Ser. No. 09/747,748 (the "`748 application"), filed December 22, 2000, now abandoned, and a is related to Provisional Application Ser. No. 60/173,170, filed on December 27, 1999 (the '170 Provisional"). Over seven years elapsed between the filing of the `170 Provisional and the issuance of the `454 Patent. Upon information and belief, Pitchware cannot explain the failure to steadfastly prosecute the application that led to the '454 Patent. Pitchware's unreasonable delay in prosecution of the `454 Patents has caused prejudice to both the public and to Monster.

### SIXTH AFFIRMATIVE DEFENSE

27. Pitchware lacks standing for failure to join all indispensable parties/owners.

### SEVENTH AFFIRMATIVE DEFENSE

28. Pitchware lacks capacity to sue.

## COUNTERCLAIM

### JURISDICTION

29. This is a counterclaim for declaratory relief under the Patent Act. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 (declaratory judgments), 35 U.S.C. §§ 1, et seq. (patents), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (patents).

### VENUE AND INTRADISTRICT ASSIGNMENT

30. Venue in the Northern District of California is proper under 28 U.S.C. § 1391(b)-(c) because a substantial part of the events giving rise to the claims occurred in this district.

31. Because this action is an Intellectual Property Action within the meaning of Civil L.R. 3-2(c), the action is to be assigned on a district-wide basis.

### COUNT ONE

**(Declaration of Patent Invalidity, Non-Infringement and Unenforceability)**

32. Monster incorporates by reference the above paragraphs as though set forth fully herein.

33. An immediate, real and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and now exists between Monster on the one hand, and Pitchware on the other hand, concerning their respective rights and obligations under the '454 Patent.

34. Monster seeks a declaratory judgment that the '454 Patent, and each claim thereof, is invalid for failing to comply with the provisions of the Patent Laws, including, 35 U.S.C. §§102 and 103.

35. To the extent that the '454 Patent, or any of the claims thereof, could possibly be considered valid, Monster seeks a declaratory judgment that as the claims of the '454 Patent is properly construed, Monster does not infringe those claims, and/or that the claims are unenforceable against Monster.

36. To the extent that the '454 Patent, or any of the claims thereof, could possibly be considered valid, Monster seeks a declaratory judgment that as the claims of the '454 Patent

are properly construed, and/or that as a result of the acts of patent misuse and/or delay in asserting its rights (if any), Pitchware is barred from proceeding on any claim of infringement against Monster and/or is not entitled to seek any damages for past infringement.

37. A judicial declaration is necessary and appropriate at this time under the circumstances so that Monster can ascertain its rights.

## MONSTER'S PRAYER FOR RELIEF

WHEREFORE, Monster prays as follows:

1. The Court enter judgment declaring that the '454 Patent invalid;

2. The Court enter judgment declaring that Monster has not infringed and does not infringe any valid claim of the '454 Patent;

3. The Court enter judgment declaring that the '454 Patent is not enforceable against Monster;

4. The Court award to Monster its costs and attorneys' fees incurred in connection with this matter pursuant to the provisions of 35 U.S.C. § 285; and

5. The Court grant to Monster such other and further relief as the Court may deem just and proper.

Dated: April 28, 2008                           DECHERT LLP

                                                By: /s/ Chris Scott Graham
                                                    Chris Scott Graham
                                                    Attorneys for Defendant
                                                    MONSTER WORLDWIDE, INC.

## MONSTER'S DEMAND FOR JURY TRIAL

Monster hereby demands a trial by jury of all issues that may properly be tried to a jury.

Dated: April 28, 2008                           DECHERT LLP

                                                By: /s/ Chris Scott Graham
                                                    Chris Scott Graham
                                                    Attorneys for Defendant
                                                    MONSTER WORLDWIDE, INC.