LATHAM & WATKINS LLP
   Mark A. Flagel (Bar No. 110635)
   Dale Chang (Bar No. 248657)
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
   David A. Nelson
Sears Tower Suite 5800
Chicago, Illinois 60606
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767

Attorneys for Defendant
THE McCLATCHY CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PITCHWARE, INC.,<br><br>           Plaintiff,<br><br>   v.<br><br>MONSTER WORLDWIDE, INC.,<br>CAREERBUILDER, LLC,<br>GANNETT CO., INC.,<br>THE McCLATCHY CO.,<br>MICROSOFT CORP.,<br>AND CAREER MARKETPLACE, INC.,<br><br>           Defendants.<br><br>THE McCLATCHY CO.<br><br>           Counterclaim-Plaintiff and<br>           Defendant,<br>   v.<br>PITCHWARE, INC.,<br><br>           Counterclaim-Defendant and<br>           Plaintiff. | CASE NO. C 08-01848 (CW)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT THE McCLATCHY CO.**<br><br>JURY TRIAL DEMANDED |

LATHAM&WATKINS LLP  LA\1861184.1
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT THE McCLATCHY CO.'S ANSWER
TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)

**THE McCLATCHY CO.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant The McClatchy Co. ("McClatchy") respectfully submits this Answer, these Affirmative Defenses, and these Counterclaims in response to the Complaint for patent infringement filed by Pitchware, Inc. ("Pitchware"). To the extent not specifically admitted herein, the allegations of Pitchware's complaint are denied.

## I.     ANSWER TO COMPLAINT

### PARTIES

1. Answering paragraph 1, McClatchy is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies each and every such allegation.

2. The allegations set forth in paragraph 2 are not directed to McClatchy, and therefore no answer is required.

3. The allegations set forth in paragraph 3 are not directed to McClatchy, and therefore no answer is required.

4. The allegations set forth in paragraph 4 are not directed to McClatchy, and therefore no answer is required.

5. Answering paragraph 5, McClatchy admits that McClatchy is a corporation duly organized and existing under the laws of Delaware with its principal place of business in Sacramento, California.

6. The allegations set forth in paragraph 6 are not directed to McClatchy, and therefore no answer is required.

7. The allegations set forth in paragraph 7 are not directed to McClatchy, and therefore no answer is required.

### JURISDICTION AND VENUE

8. Answering paragraph 8, McClatchy admits that, if Pitchware is a validly existing entity with the capacity to sue, the Complaint purports to be an action arising under the patent laws of the United States. McClatchy admits that this Court has subject matter jurisdiction over

LATHAM&WATKINS LLP  LA\1861184.1
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT THE McCLATCHY CO.'S ANSWER
TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)

1  this action pursuant to 28 U.S.C. §§1331 and 1338(a) inasmuch as the Complaint purports to
2  state claims for patent infringement arising under the patent laws of the United States.  To the
3  extent the remaining allegations of paragraph 8 are directed to McClatchy, they are denied.  To
4  the extent the allegations of paragraph 8 are directed to other entities, no answer is required.

5        9.     Answering paragraph 9, McClatchy admits that Pitchware purports to base venue
6  under 28 U.S.C. §§ 1331, 1391(b), (c), and 1400(b).  McClatchy denies that it has committed,
7  continues to commit, has contributed to, continues to contribute to, has induced, or continues to
8  induce any acts that constitute infringement or otherwise give rise to this action.  To the extent
9  the remaining allegations of paragraph 9 are directed to McClatchy, they are denied.  To the
10 extent the allegations of paragraph 9 are directed to other entities, no answer is required.

**INTRADISTRICT ASSIGNMENT**

12       10.    McClatchy admits that, if Pitchware is a validly existing entity with the capacity
13 to sue, this is an Intellectual Property Action to be assigned on a district-wide basis under Civil
14 Local Rule 3-2(c) inasmuch as the Complaint purports to state claims for patent infringement
15 arising under the patent laws of the United States.  McClatchy denies that it has committed,
16 continues to commit, has contributed to, continues to contribute to, has induced, or continues to
17 induce any acts that constitute infringement or otherwise give rise to this action.  To the extent
18 the remaining allegations of paragraph 10 are directed to McClatchy, they are denied.  To the
19 extent the allegations of paragraph 10 are directed to other entities, no answer is required.

**PATENT INFRINGEMENT ALLEGATIONS**

21       11.    Answering paragraph 11, McClatchy admits that what appears to be a copy of
22 U.S. Patent No. 7,043,454 ("the '454 patent") is attached as Exhibit A to the Complaint.
23 McClatchy denies that the '454 patent was duly and legally issued.  McClatchy admits that, on
24 its face, Exhibit A states that its issue date is May 9, 2006, and that its title is "Method and
25 Apparatus for a Cryptographically Assisted Commercial Network System Designed to Facilitate
26 Idea Submission, Purchase and Licensing and Innovation Transfer."  McClatchy is without
27 knowledge or information sufficient to form a belief as to the truth of the allegation that
28 Pitchware is the original and sole owner of the '454 patent, and on that basis denies the

LATHAM&WATKINS LLP  LA\1861184.1
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT THE McCLATCHY CO.'S ANSWER
TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)

1 allegation. McClatchy denies each and every remaining allegation in paragraph 11.

2     12.    Answering paragraph 12, McClatchy denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that constitute infringement or otherwise give rise to this action. To the extent the remaining allegations of paragraph 12 are directed to McClatchy, they are denied. To the extent the allegations of paragraph 12 are directed to other entities, no answer is required.

    13.    Answering paragraph 13, McClatchy denies each and every allegation thereof to the extent they are directed to McClatchy. To the extent the allegations of paragraph 13 are directed to other entities, no answer is required.

    14.    Answering paragraph 14, McClatchy denies each and every allegation thereof to the extent they are directed to McClatchy. To the extent the allegations of paragraph 14 are directed to other entities, no answer is required.

## II.    RESPONSE TO PRAYER FOR RELIEF

    15.    McClatchy denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '454 patent. McClatchy also denies that Pitchware is entitled to any of the relief requested against McClatchy, including injunctive relief, damages, attorneys' fees, costs, interest, or any other relief of any kind.

## III.    AFFIRMATIVE DEFENSES

Subject to the responses above, McClatchy alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, McClatchy specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim)

    16.    Pitchware's Complaint fails to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE (Non-Infringement)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1861184.1

4

DEFENDANT THE McCLATCHY CO.'S ANSWER
TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)

17. McClatchy is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '454 patent.

### THIRD AFFIRMATIVE DEFENSE (Invalidity)

18. The claims of the '454 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE (Laches)

19. Pitchware's claims for relief, in whole or in part, are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE (Lack of Standing/Capacity)

20. Pitchware's claims for relief are barred because Pitchware lacks standing and capacity to sue.

WHEREFORE, McClatchy denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '454 patent, and further denies that Pitchware is entitled to any judgment against McClatchy whatsoever. McClatchy asks that Pitchware's Complaint be dismissed with prejudice, that judgment be entered for McClatchy, and that McClatchy be awarded attorneys' fees incurred in defending against Pitchware's Complaint, together with such other relief the Court deems appropriate.

### IV.   COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff McClatchy alleges the following Counterclaims against Plaintiff and Counterclaim-Defendant Pitchware:

21. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.* McClatchy requests a judicial declaration that (1) it does not infringe any valid, enforceable claim of the '454 patent, and (2) the '454 patent is invalid.

### THE PARTIES

LATHAM&WATKINS LLP   LA\1861184.1
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT THE McCLATCHY CO.'S ANSWER
TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)

22. McClatchy is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 2100 Q Street, Sacramento, CA 95816.

23. Pitchware has alleged that it is a corporation organized and existing under the laws of California, with its principal place of business in Los Gatos, California.

## JURISDICTION AND VENUE

24. Subject to McClatchy's affirmative defenses and denials, and assuming that Pitchware is a validly existing entity with the capacity to sue and be sued, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

25. Venue is proper in this district because, assuming that Pitchware is a validly existing entity with the capacity to sue and be sued, Pitchware alleges that its principal place of business is within this district, and Pitchware has consented to the propriety of venue in this Court by filing the present action for patent infringement in this Court, in response to which these Counterclaims are asserted.

26. Pitchware has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNTERCLAIM ONE
## DECLARATORY JUDGMENT REGARDING NON-INFRINGEMENT OF THE '454 PATENT

27. McClatchy repeats and re-alleges the allegations of the preceding paragraphs 21-26 as if fully set forth herein.

28. Pitchware purports to be the sole holder of the entire right, title and interest in the '454 patent.

29. Pitchware has sued McClatchy in the present action, alleging infringement of the '454 patent. Thus, assuming that Pitchware is a validly existing entity with the capacity to sue and be sued, an immediate, real and justiciable controversy exists between Pitchware and McClatchy with respect to the alleged infringement of the '454 patent.

30. McClatchy is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '454 patent.

31. McClatchy is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '454 patent.

32. Pitchware has also filed this action without a good faith basis, making this an exceptional case. Consequently, Pitchware is liable for any and all attorneys' fees, expenses and costs incurred by McClatchy in connection with this baseless action by Pitchware.

## COUNTERCLAIM TWO
## **DECLARATORY JUDGMENT REGARDING INVALIDITY OF THE '454 PATENT**

33. McClatchy repeats and re-alleges the allegations of the preceding paragraphs 21-32 as if fully set forth herein.

34. Pitchware has sued McClatchy in the present action, alleging infringement of the '454 patent. Thus, assuming that Pitchware is a validly existing entity with the capacity to sue and be sued, an immediate, real and justiciable controversy exists between Pitchware and McClatchy with respect to the validity of the '454 patent.

35. The claims of the '454 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and/or 112.

36. McClatchy is entitled to a declaratory judgment that the claims of the '454 patent are invalid.

37. Pitchware has also filed this action without a good faith basis, making this an exceptional case. Consequently, Pitchware is liable for any and all attorneys' fees, expenses and costs incurred by McClatchy in connection with this baseless action by Pitchware.

## **RELIEF**

WHEREFORE, McClatchy respectfully requests the following relief:

LATHAM&WATKINS LLP  LA\1861184.1
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANT THE McCLATCHY CO.'S ANSWER
TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)

38. That Pitchware take nothing by its Complaint and that Pitchware's Complaint be dismissed with prejudice;

39. That the Court find and declare that McClatchy does not infringe any valid, enforceable claim of the '454 patent;

40. That the Court find and declare that the claims of the '454 patent asserted against McClatchy are invalid and unenforceable;

41. That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, the Court find that Pitchware's conduct in commencing and pursuing this action renders this an exceptional case and that McClatchy be awarded its attorneys' fees, expenses and costs incurred in connection with this action; and

42. That McClatchy be granted such other and additional relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

43. Under Rule 38 of the Federal Rules of Civil Procedure, McClatchy hereby demands a trial by jury.

Dated: May 30, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
   Mark A. Flagel
   David A. Nelson
   Dale Chang

By ___/s/ Mark A. Flagel___
   Mark A. Flagel
   Attorneys for Defendant
   THE McCLATCHY CO.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1861184.1

8

DEFENDANT THE McCLATCHY CO.'S ANSWER TO PLAINTIFF PITCHWARE, INC.'S COMPLAINT
CASE NO. C 08-01848 (CW)