Monty Agarwal (State Bar No. 191568)
ARNOLD & PORTER LLP
90 New Montgomery Street
Suite 600
San Francisco, CA 94105
Telephone: (415) 356-3000
Facsimile: (415) 356-3099
Email: monty.agarwal@aporter.com

Joseph A. Micallef (Admitted *pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Email: joseph.micallef@aporter.com

Isabella Fu (State Bar No. 154677)
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA 98052-6399
Telephone: (425) 772-4846
Facsimile: (425) 708-1507
Email: isabella.fu@microsoft.com

Attorneys for Defendant *Microsoft Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| PITCHWARE, INC. | Case No. 08-CV-01848-CW |
| Plaintiff, | |
| v. | **AMENDED ANSWER AND COUNTERCLAIMS OF MICROSOFT CORPORATION AGAINST PITCHWARE, INC.** |
| MONSTER WORLDWIDE, INC., CAREERBUILDER, LLC; GANNETT CO., INC.; THE McCLATCHY COMPANY; MICROSOFT CORPORATION; AND CAREER MARKETPLACE, INC. | **DEMAND FOR JURY TRIAL** |
| Defendants; | |

| | |
|---|---|
| 1 | MICROSOFT CORPORATION, )
|   | )
| 2 |     Counterclaimant, )
|   | )
| 3 |     v. )
|   | )
| 4 | PITCHWARE, INC. )
|   | )
| 5 |     Counterclaim-defendant. )

Defendant Microsoft Corporation ("Microsoft"), for its answer to the Complaint filed by plaintiff Pitchware, Inc. ("Pitchware") and for its counterclaims against Pitchware, for itself and on behalf of no other defendant, admits, denies and alleges as follows:

## PARTIES

1. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, on that basis, denies said allegations.

2. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, denies said allegations.

3. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, denies said allegations.

4. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, on that basis, denies said allegations.

5. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, on that basis, denies said allegations.

6. Microsoft admits that its principal place of business is in Redmond, Washington, and denies the remaining allegations of paragraph 6.

7. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, denies said allegations.

## JURISDICTION AND VENUE

8. Microsoft admits that, if Pitchware is a validly existing entity with the capacity to sue, the Complaint purports to be an action arising under the patent laws of the United States. Microsoft admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States. Microsoft admits that it is subject to the personal jurisdiction of the Court. To the extent the remaining allegations of paragraph 8 are directed to Microsoft, they are denied. To the extent the allegations of paragraph 8 are directed to other entities, Microsoft is without knowledge or information sufficient to form a belief as to the truth of said allegations and, on that basis, denies them.

9. Microsoft admits that Pitchware purports to base venue under 28 U.S.C. §§ 1331, 1391(b), (c), and 1400(b). Microsoft admits that it has transacted business within this district. Microsoft denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that constitute infringement or otherwise give rise to this action. To the extent the remaining allegations of paragraph 9 are directed at Microsoft, they are denied. To the extent the allegations of paragraph 9 are directed to other entities, Microsoft is without knowledge or information sufficient to form a belief as to the truth of said allegations and, on that basis, denies them.

## **INTRADISTRICT ASSIGNMENT**

10. Microsoft admits that, if Pitchware is a validly existing entity with the capacity to sue, this is an Intellectual Property Action to be assigned on a district-wide basis under Civil Local Rule 3-2(c) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States. Microsoft denies that it has committed, continues to commit, has contributed to, continues to contribute to, has induced, or continues to induce any acts that constitute infringement or otherwise give rise to this action. To the extent the remaining allegations of paragraph 10 are directed at Microsoft, they are denied. To the extent the allegations of paragraph 10 are directed to other entities, no answer is required.

## **PATENT INFRINGEMENT ALLEGATIONS**

11. Microsoft admits that what appears to be a copy of U.S. Patent No. 7,043,454 ("the '454 patent") is attached as Exhibit A to the Complaint. Microsoft denies that the '454 patent was duly and legally issued. Microsoft admits that, on its face, Exhibit A states that its issue date is May 9, 2006, and that its title is "Method and Apparatus for a Cryptographically Assisted Commercial Network System Designed to Facilitate Idea Submission, Purchase and Licensing and Innovation Transfer." Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegation that Pitchware is the original and sole owner of the '454 patent, and on that basis denies the allegation. Microsoft denies each and every remaining allegation in paragraph 11.

12. Paragraph 12 of the Complaint is denied as to Microsoft. To the extent the allegations of paragraph 12 are directed to other entities, Microsoft is without knowledge or

- 2 -

information sufficient to form a belief as to the truth of said allegations and, on that basis, denies them.

13. Paragraph 13 of the Complaint is denied as to Microsoft. To the extent the allegations of paragraph 13 are directed to other entities, Microsoft is without knowledge or information sufficient to form a belief as to the truth of said allegations and, on that basis, denies them.

14. Paragraph 14 of the Complaint is denied as to Microsoft. To the extent the allegations of paragraph 14 are directed to other entities, Microsoft is without knowledge or information sufficient to form a belief as to the truth of said allegations and, on that basis, denies them.

**RESPONSE TO PITCHWARE'S PRAYER FOR RELIEF**

15. Microsoft states that Pitchware's prayer for relief does not require a response.

16. Microsoft denies each and every allegation of the Complaint not heretofore admitted, alleged, or denied and further denies that Pitchware is entitled to any relief whatsoever from Microsoft on the basis of any of the purported claims for relief contained in the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

In addition to its responses to Pitchware's allegations above, Microsoft asserts the following defenses. By alleging said matters, Microsoft does not thereby concede or admit that it bears the burden of proof on any matter or element related to any of the defenses asserted. Furthermore, Microsoft reserves the right to assert such additional defenses as may be warranted as this action progresses.

AS AND FOR ITS AFFIRMATIVE AND OTHER DEFENSES HEREIN, MICROSOFT ALLEGES AS FOLLOWS:

**FIRST DEFENSE**

17. With respect to each and every purported claim for relief alleged in the Complaint, Pitchware fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

18. With respect to each and every purported claim for relief alleged in the Complaint, Microsoft alleges that Pitchware's claims are barred because Microsoft has not infringed either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '454 patent.

**THIRD DEFENSE**

19. With respect to each and every purported claim for relief alleged in the Complaint, Microsoft alleges that Pitchware's claims are barred, in whole or in part, because the claims of the '454 patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

**FOURTH DEFENSE**

20. With respect to each and every purported claim for relief alleged in the Complaint, Microsoft alleges that Pitchware's claims and demands for relief are barred, in whole or in part, by the doctrine of laches.

**FIFTH DEFENSE**

21. With respect to each and every purported claim for relief alleged in the Complaint, Microsoft alleges that Pitchware's claims and demands for relief for past infringement are barred by 35 U.S.C. § 286.

**SIXTH DEFENSE**

22. With respect to each and every purported claim for relief alleged in the Complaint, Microsoft alleges that Pitchware's claims and demands for relief for past infringement are barred by 35 U.S.C. § 287.

**SEVENTH DEFENSE**

23. With respect to each and every purported claim for relief alleged in the Complaint, Microsoft alleges that Pitchware's claims and demands for relief are barred by 28 U.S.C. § 1498(a) to the extent that the products accused of infringing the '454 patent have been used or manufactured by or for the United States.

**EIGHTH DEFENSE**

24.     The '454 patent is unenforceable by virtue of inequitable conduct. The claims of the '454 patent are unenforceable as a result of the inequitable conduct of the applicant and/or his attorneys and/or agents in the prosecution of the '454 patent. Microsoft alleges that said inequitable conduct comprised intentional misrepresentations and omissions including, without limitation, the following:

   a)   The sworn statement signed by the applicant on April 9, 2001 stated, in pertinent part, that: "I believe I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled: **METHOD AND APPARATUS FOR A CRYPTOGRAPHICALLY ASSISTED COMMERCIAL NETWORK SYSTEM DESIGNED TO FACILITATE IDEA SUBMISSION, PURCHASE AND LICENSING AND INNOVATION TRANSFER** the specification of which was filed December 22, 2000, as application number 09/747,748. . . . I acknowledge the duty to disclose information which is material to patentability as defined in Title 37, Code of Federal Regulations, Section 1.56."

   b)   One or more individuals associated with the filing or prosecution of the '454 patent knowingly failed, with deceptive intent, to disclose to the United States Patent and Trademark Office ("Patent Office") that figures and text of the '454 patent specification were copied from one or more prior art patents to Walker, et al., including U.S. Patent No. 5,794,207, U.S. Patent No. 5,862,223, U.S. Patent No. 5,884,270, and/or U.S. Patent No. 5,884,272 (collectively "the Walker patents").

   c)   Figures and text from the Walker patents were copied into the provisional application No. 60/173,170, filed on December 27, 1999, from which the '454 patent claims priority, and the material copied from the Walker patents was carried through to the specification of the '454 patent. Additional text from the Walker patents was later copied into patent application No. 09/747,748, filed on December 22, 2000 (now abandoned), from which the '454 patent claims priority as a continuation application, and the material copied from the Walker patents was carried through to the specification of the '454 patent.

        d)      At least the named inventor of the '454 patent had actual knowledge of the copying from the Walker patents and of the failure to disclose that copying to the Patent Office during the prosecution of the '454 patent, since he declared to the Patent Office that he had reviewed and understood the contents of the application that issued as the '454 patent and personally prosecuted that application during a time period in which the claims were rejected over one of the Walker patents.

        e)      Knowledge of the copying would have been material to the examination of the '454 patent and important to a reasonable examiner because it would have explicitly suggested a source of prior art to the '454 patent and indicated that the named inventor of the '454 patent was not in fact the true inventor of the claimed innovations.  Moreover, knowledge of the copying was also material because it would have led a reasonable examiner to discover two of the Walker patents – U.S. Patent No. 5,884,270 and/or U.S. Patent No. 5,884,272 – each of which renders at least one claim of the '454 patent invalid as anticipated and/or obvious and neither of which was disclosed to the Patent Office.  Indeed, since the Examiner herself found one of the Walker patents, and rejected the claims of the '454 patent application in view of that Walker patent, knowledge that the inventor had copied subject matter wholesale from one or more of the Walker patents would have been extremely important to the Examiner and would have led her to conduct a further search.

## COUNTERCLAIMS OF MICROSOFT AGAINST PITCHWARE

Microsoft, for its counterclaims herein, alleges as follows:

25.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.*  Microsoft requests a judicial declaration that (1) it does not infringe any valid, enforceable claim of the '454 patent, and (2) the '454 patent is invalid.

26.      Microsoft is a company organized and existing under the laws of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington, 98052.

27.      Pitchware has alleged that it is a corporation organized and existing under the laws of California, with its principal place of business in Los Gatos, California.

1  28. Subject to Microsoft's affirmative defenses and denials, and assuming that Pitchware is a validly existing entity with the capacity to sue and be sued, this Court has jurisdiction over the subject matter of this controversy and jurisdiction over the parties under 28 U.S.C. §§ 1331, 1338(a), and 1367. Assuming that Pitchware is a validly existing entity with the capacity to sue and be sued, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

29. Pitchware has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNTERCLAIM 1

**(Declaratory Judgment Of Non-Infringement Of The '454 Patent)**

30. Microsoft incorporates what is set out in paragraphs 25-29 as if fully set forth herein.

31. Pitchware purports to be the sole holder of the entire right, title, and interest in the '454 patent.

32. There is an immediate and justiciable controversy between Microsoft and Pitchware over the infringement of the '454 patent.

33. Microsoft is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '454 patent.

34. Microsoft is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid, enforceable claim of the '454 patent.

35. Pitchware has also filed this action without a good faith basis, making this an exceptional case. Consequently, Pitchware is liable for any and all attorneys' fees, expenses, and costs incurred by Microsoft in connection with this baseless action by Pitchware.

## COUNTERCLAIM 2

**(Declaratory Judgment Of Invalidity Of The '454 Patent)**

36. Microsoft incorporates what is set out in paragraphs 25-29 as if fully set forth herein.

37. There is an immediate and justiciable controversy between Microsoft and Pitchware over the validity of the '454 patent.

1  38. The claims of the '454 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

39. Microsoft is entitled to a declaratory judgment that the claims of the '454 patent are invalid.

40. Pitchware has also filed this action without a good faith basis, making this an exceptional case. Consequently, Pitchware is liable for any and all attorneys' fees, expenses, and costs incurred by Microsoft in connection with this baseless action by Pitchware.

## **COUNTERCLAIM 3**

### **(Declaratory Judgment Of Unenforceability of the '454 Patent)**

41. Microsoft incorporates what is set out in paragraphs 25-29 as if fully set forth herein.

42. There is an immediate and justiciable controversy between Microsoft and Pitchware over the enforceability of the '454 patent.

43. The claims of the '454 patent are unenforceable because the '454 patent was procured by a person or persons who, knowingly and with deceptive intent, failed to disclose to the United States Patent and Trademark Office that figures and text of the '454 patent specification were copied from one or more prior art patents to Walker, et al. As set forth above in Microsoft's Eighth Defense, at least the named inventor of the '454 patent had actual knowledge of the copying from the Walker patents and of the failure to disclose that copying to the Patent Office during the prosecution of the '454 patent. Knowledge of the copying would have been material to the examination of the '454 patent and important to a reasonable examiner because it would have explicitly suggested a source of prior art to the '454 patent and indicated that the named inventor of the '454 patent was not in fact the true inventor of the claimed innovations. Moreover, knowledge of the copying was also material because it would have led a reasonable examiner to discover two of the Walker patents – U.S. Patent No. 5,884,270 and/or U.S. Patent No. 5,884,272 – each of which renders at least one claim of the '454 patent invalid as anticipated and/or obvious and neither of which was disclosed to the Patent Office.

44. Microsoft is entitled to a declaratory judgment that the claims of the '454 patent are unenforceable.

45. Pitchware has also filed this action without a good faith basis, making this an exceptional case. Consequently, Pitchware is liable for any and all attorneys' fees, expenses, and costs incurred by Microsoft in connection with this baseless action by Pitchware.

**RELIEF**

WHEREFORE, Microsoft prays for judgment as follows:

A. That Pitchware's Complaint be dismissed in its entirety with prejudice and that Pitchware take nothing;

B. For a declaration of non-infringement, invalidity, and unenforceability with respect to the claims of the '454 patent;

C. That, pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or other applicable laws, the Court find that Pitchware's conduct in commencing and pursuing this action renders this an exceptional case and that Microsoft be awarded its attorneys' fees, expenses, and costs incurred in connection with this action; and

D. For such other, further, or different relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Microsoft hereby demands a trial by jury.

June 23, 2008                              ARNOLD & PORTER LLP


                                           By:  s/Monty Agarwal
                                                Monty Agarwal
                                                Attorneys for Microsoft Corporation