Kirsten M. Powell [SBN: 187200]
Robert C. Chojnacki [SBN: 169936]
LOGAN & POWELL LLP
61 East Main Street, Suite C
Los Gatos, CA 95030
Tel.: (408) 395-1350
Fax: (408) 395-1354

Attorney(s) for
PITCHWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PITCHWARE, INC.,

Plaintiff,

vs.

MONSTER WORLDWIDE, INC. CAREERBUILDER, LLC; GANNETT COMPANY, INC.; THE MCCLATCHY COMPANY; MICROSOFT CORPORATION; AND CAREER MARKETPLACE, INC.,

Defendants.

Case No.: C 08-01848 CW

JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9

Honorable Claudia Wilken

The parties submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the "Standing Order for All Judges of the Northern District of California-Contents of Joint Case Management Statement."

**1. Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiff Pitchware Inc.'s patent infringement claims, and Defendants' counterclaims, pursuant to 28 U.S.C. §§ 1331 and 1338(a). This case was initially filed in the U.S. District Court for the Northern District for the San Jose Division and was transferred to this Court pursuant to the April 29, 2008, Reassignment Order.

No issues exist regarding personal jurisdiction or venue. The parties have agreed that service may be made via electronic mail.

**2. Facts**

On April 7, 2008, Plaintiff Pitchware, Inc. ("Pitchware") filed its Complaint for Patent Infringement alleging infringement of United States Patent No. 7,043,454 (the "'454 Patent"). Defendants Monster Worldwide, Inc., CareerBuilder, LLC, Gannett Co., Inc., The McClatchy Company, Microsoft Corporation and Career Marketplace, Inc. (collectively "Defendants") have all answered the Complaint denying infringement and asserting defenses of non-infringement, invalidity and laches. Defendant Microsoft Corporation ("Microsoft") raised an affirmative defense and brought a counterclaim, based on inequitable conduct, which Pitchware has denied. Defendants Monster Worldwide ("Monster"), CareerBuilder, LLC ("CareerBuilder"), Gannett Company ("Gannett") and The McClatchy Company ("McClatchy") have raised affirmative defenses based on lack of standing and capacity to sue. Defendant Monster raised an affirmative defense based on prosecution laches.

**3. Legal Issues**

The parties contend that legal issues exist with respect to infringement, validity and enforceability of the '454 patent.

**4. Motions**

There are presently no outstanding motions.

**5. Amendment of Pleadings**

On July 15, 2008, Pitchware filed a Stipulation, signed by all parties, allowing filing of the First Amended Complaint. The First Amended Complaint was also filed on July 15, 2008. Pursuant to the Stipulation, Defendants' previously filed Answers are deemed responsive to the First Amended Complaint. At this time, no parties are expected to be added in this case.

//

Monster, CareerBuilder, Gannett, McClatchy and Career Marketplace respectfully request permission from the Court to postpone a potential amendment of their Answers and Counterclaims to add an affirmative defense of inequitable conduct. Currently, Microsoft has asserted such a defense based on copying of subject matter from one (1) or more patents issued to Walker, et al., and a failure to disclose such copying to the PTO. Monster, CareerBuilder, Gannett, McClatchy and Career Marketplace believe that Microsoft's defense is well-pled. However, Monster, CareerBuilder, Gannett, McClatchy and Career Marketplace believe that judicial resources would be conserved if Monster, CareerBuilder, Gannett, McClatchy and Career Marketplace were permitted to postpone amendment of their Answers and Counterclaims until 90 days after completion of the deposition of the inventor of the '454 Patent, so that the Defendants may have opportunity to discover further facts relating to inequitable conduct.

## 6. Evidence Preservation

Pitchware has no document retention policies to be suspended and will preserve all documents (including electronically stored information) and things in its possession custody or control. Defendants will suspend any destruction policies with respect to documents (including electronically stored information) and things related to the subject areas disclosed in any party's initial Rule 26 disclosures, any disclosure required pursuant to any applicable local rules and/or any request for production of documents and things. Certain Defendants have not taken steps to preserve electronically stored information from sources that are not reasonably accessible (e.g., legacy systems, disaster recovery backup media, temporary or ambient data left by previously-deleted files that would require computer forensics work to obtain, etc.) in light of the burdens or costs required to locate, restore, review and produce whatever responsive information may be found.

## 7. Disclosures

Rule 26(a) initial disclosures will be completed and served on July 29, 2008.

## 8. Discovery

Discovery in this case has not yet commenced. Discovery will be needed on the subjects of infringement, validity, enforceability, and ownership of the '454 Patent. In addition, discovery

will be needed on subjects relating to the Plaintiff's standing/capacity to sue on the '454 Patent, inequitable conduct in connection with prosecution of the '454 Patent, laches and prosecution laches.

The parties are negotiating the terms of a stipulated protective order to facilitate the discovery of confidential information. The parties are also negotiating the terms of electronic discovery procedures to govern this case. The parties agree to simultaneously pursue discovery on the issues of liability and damages.

The parties agree that the default discovery rules under the Federal Rules of Civil Procedure shall govern, except as follows:

(1) **Limits on Interrogatories**

Pitchware will be entitled to serve up to 20 common interrogatories on all Defendants and up to five (5) individual interrogatories on each Defendant.

The Defendants, as a group, will be entitled to serve up to 20 common interrogatories,and each Defendant will be entitled to serve five (5) individual interrogatories on Pitchware (in addition to the 20 group interrogatories).

(2) **Limits on Depositions**

Pitchware will be permitted up to 21 total individual, percipient witness deposition hours per Defendant (or Defendant-controlled witnesses) and to serve one (1) cumulative 30(b)(6) notice on each Defendant with no more than 15 discrete topics. Pitchware will be limited to 14 hours of 30(b)(6) deposition time, per Defendant, regardless of the number of witnesses designated by any Defendant in response to Pitchware's 30(b)(6) notice.

Defendants, as a group, will be permitted up to 42 total individual, percipient witness deposition hours of Pitchware-controlled witnesses and will be permitted to serve one (1) common, cumulative 30(b)(6) notice on Pitchware with no more than 20 discrete topics. Defendants, as a group, will be limited to 21 hours of 30(b)(6) deposition time of Pitchware in

//

response to the common 30(b)(6) notice, regardless of the number of witnesses designated by Pitchware in response to Defendants' common 30(b)(6) notice.

In addition, each individual Defendant will be permitted up to 21 individual, percipient witness deposition hours of Pitchware-controlled witnesses (in addition to the 42 group, percipient deposition hours), and each individual Defendant will be permitted to serve one (1) additional 30(b)(6) notice with no more than 10 individual, discrete topics. Each Defendant will be limited to 14 hours of 30(b)(6) deposition time, per individual Defendant (in addition to 21 group 30(b)(6) deposition hours), regardless of the number of witnesses designated by Pitchware in response to any individual Defendant's 30(b)(6) notice.

Each Party will also be permitted up to 35 percipient deposition hours of third party witnesses.

Each individual, percipient witness is limited to one (1) deposition of no more than seven (7) hours, except that Michael D. Powell shall provide up to 40 hours of individual, percipient deposition time, in addition to any 30(b)(6) deposition time concerning topics for which any such witness is designated.

**9. Class Action**

This case is not a class action.

**10. Related Cases**

There are no related cases or proceedings pending before another judge of this court or before another court or administrative body.

**11. Relief**

Pitchware's Complaint requests the following relief:

(1) Judgment in favor of Pitchware finding that each Defendant has directly and/or indirectly infringed the '454 Patent;

(2) A judgment and order that each Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them, be permanently enjoined from any further infringement of the '454

Patent. In the alternative, a judgment and order that each Defendant pay Pitchware an on-going royalty for future acts of infringement at a rate to be determined at trial;

(3) An award of damages, costs and expenses, as permitted by law, including damages for infringement occurring prior to the filing of this action, in an amount to be proven at trial;

(4) An award of pre-judgment and post-judgment interest; and

(5) For all other relief which the Court may deem just and proper.

Defendants' Counterclaims request the following relief:

(1) Declaratory judgment of non-infringement of the '454 patent;

(2) Declaratory judgment of invalidity of the '454 patent; and

(3) Declaratory judgment of unenforceability of the '454 patent.

Defendants respectfully submit that discovery will be required before Defendants are able to ascertain the bases on which damages should be calculated, if liability is established.

**12. Settlement and ADR**

The Joint ADR Certification was recently filed with the Court. The parties have agreed on Court sponsored mediation.

**13. Consent to Magistrate Judge For All Purposes**

In April 2008, Defendants filed Declinations to Proceed before a Magistrate Judge and Request For Reassignment to a United States District Judge. Defendants do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

At this time. the parties do not believe that any issues can be narrowed by agreement or by motion and no party presently seeks to bifurcate any issues, claims or defenses.

//

**16. Expedited Schedule**

The parties do not believe that this case should be handled on an expedited basis.

**17. Scheduling**

| Event | Rule/Order | Pitchware's Proposed Date | Defendants' Proposed Date |
|---|---|---|---|
| Parties to Exchange Initial Disclosures | FRCivP 26(a)(1) | 07/29/08 | |
| Case Management Conference | 04/30/08 Order | 08/05/08 | |
| Pitchware to Serve Disclosure of Asserted Claims and Infringement Contentions | Patent L.R. 3-1 | | 08/15/08 |
| Pitchware to Complete Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions | Patent L.R. 3-2 | | 08/15/08 |
| Defendants to Serve Invalidity Contentions | Patent L.R. 3-3 | | 09/29/08 |
| Defendant to Complete Document Production Accompanying Invalidity Contentions | Patent L.R. 3-4 | | 09/29/08 |
| Parties to Exchange Proposed Terms for Construction | Patent L.R. 4-1 | | 10/09/08 |
| Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 | | 10/29/08 |
| Parties to File Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | | 12/01/08 |
| Completion of Claim Construction Discovery | Patent L.R. 4-4 | | 12/30/08 |

| | | | |
|---|---|---|---|
| Pitchware to serve Opening Claim Construction Brief | Patent L.R. 4-5(a) | | 01/15/09 |
| Defendants to Serve Responsive Claim Construction Brief | Patent L.R. 4-5(b) | | 01/29/09 |
| Pitchware to Serve Reply Claim Construction Brief | Patent L.R. 4-5(c) | | 02/02/09 |
| Claim Construction Tutorial Materials to be Filed | | | |
| Claim Construction Tutorial Session | | | |
| Claim Construction Hearing | Patent L.R. 4-6 | | 02/19/09 |
| Parties to Declare Reliance on Advice of Counsel | Patent L.R. 3-7 | | 50 days after service by the Court of its Claim Construction Ruling |
| End of Fact Discovery | | | To be set by the Court after its Claim Construction Order |
| Exchange of Expert Reports | | | To be set by the Court after its Claim Construction Order |
| Exchange of Rebuttal Expert Reports | | | To be set by the Court after its Claim Construction Order |
| End of Expert Discovery | | | To be set by the Court after its Claim Construction Order |
| Summary Judgment Motions | | | To be set by the Court after its Claim Construction Order |
| Oppositions to Summary Judgment Motions | | | To be set by the Court after its Claim Construction Order |
| Reply Briefs for Summary Judgment Motions | | | To be set by the Court after its Claim Construction Order |
| Hearing on Motions For Summary Judgment | | | To be set by the Court after its Claim Construction Order |
| Motions in Limine | | | To be set by the Court after its Claim Construction Order |

| | | | |
|---|---|---|---|
| Oppositions to Motions in Limine | | | To be set by the Court after its Claim Construction Order |
| Reply Briefs for Motions in Limine | | | To be set by the Court after its Claim Construction Order |
| Pretrial Statement | | | To be set by the Court after its Claim Construction Order |
| Pretrial Conference | | | To be set by the Court after its Claim Construction Order |
| Trial | | May, 2010 | May, 2010 |

**18. Trial**

The parties anticipate a jury trial of no more than five (5) court days. Defendants reserve all rights to seek separate trials at the appropriate time.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the Certification of Interested Entities or Persons, as required by Civil Local Rule 3-16, on July 16, 2008, with the Court. Plaintiff has identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by Plaintiff to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: no such interest, other than the named parties and counsel for Plaintiff, Logan & Powell LLP. Defendants have each filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Defendants have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by Defendants to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

(1) CareerBuilder identified Tribune Company, which owns a share of CareerBuilder;

(2) Career Marketplace identified Michael Capel as having a financial interest in Career Marketplace;

(3) Gannett identified no such interest, other than the named parties;

(4) McClatchy identified no such interest, other than the named parties;

(5) Microsoft identified no such interest, other than the named parties; and

(6) Monster identified Michael D. Powell, the named inventor of the patent in issue.

**20. Other Matters**

The parties are presently unaware of any additional matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: July 20, 2008

LOGAN & POWELL LLP

Robert C. Chojnacki
Attorney for
PITCHWARE, INC.

Dated:

DECHERT LLP

Justin Boyce

~~Chris Graham~~ Justin F. Boyce
Attorney for
MONSTER WORLDWIDE, INC.

Dated:

LATHAM & WATKINS LLP

David A. Nelson
Attorney for
CAREERBUILDER, LLC; GANNETT COMPANY, INC.; and THE MCCLATCHY COMPANY

Dated:

ARNOLD & PORTER LLP

Joseph A. Micallef
Attorney for
MICROSOFT CORPORATION

//

(4) McClatchy identified no such interest, other than the named parties;

(5) Microsoft identified no such interest, other than the named parties; and

(6) Monster identified Michael D. Powell, the named inventor of the patent in issue.

**20. Other Matters**

The parties are presently unaware of any additional matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: LOGAN & POWELL LLP

________________________
Robert C. Chojnacki
Attorney for
PITCHWARE, INC.

Dated: DECHERT LLP

________________________
Chris Graham
Attorney for
MONSTER WORLDWIDE, INC.

Dated: LATHAM & WATKINS LLP

David A. Nelson
Attorney for
CAREERBUILDER, LLC; GANNETT COMPANY, INC.; and THE MCCLATCHY COMPANY

Dated: ARNOLD & PORTER LLP

________________________
Joseph A. Micallef
Attorney for
MICROSOFT CORPORATION

//

(4) McClatchy identified no such interest, other than the named parties;

(5) Microsoft identified no such interest, other than the named parties; and

(6) Monster identified Michael D. Powell, the named inventor of the patent in issue.

**20. Other Matters**

The parties are presently unaware of any additional matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated:

LOGAN & POWELL LLP

Robert C. Chojnacki
Attorney for
PITCHWARE, INC.

Dated:

DECHERT LLP

Chris Graham
Attorney for
MONSTER WORLDWIDE, INC.

Dated:

LATHAM & WATKINS LLP

David A. Nelson
Attorney for
CAREERBUILDER, LLC; GANNETT COMPANY, INC.; and THE MCCLATCHY COMPANY

Dated: 7/22/08

ARNOLD & PORTER LLP

p.p. Joseph A. Micallef
Attorney for
MICROSOFT CORPORATION

//

Dated: 7-21-08

FARELLA BRAUN & MARTEL LLP

/s/ Jeffrey M. Fisher /IET

Jeffrey M. Fisher
Attorney for
CAREET MARKETPLACE, INC.